TRINETTE G. KENT (State Bar No. 025180)
11811 North Tatum Blvd., Suite 3031
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Connie Traslavina

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Connie Traslavina, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| Kramer & Associates; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Connie Traslavina, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Connie Traslavina (hereafter "Plaintiff"), is an adult individual residing at 6545 N. 16th Drive, Phoenix, Arizona 85015, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Kramer & Associates (hereafter "KA"), is a New Jersey company with an address of 401 Hackensack Avenue, 9th Floor, Hackensack, New Jersey 07601, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by KA and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. KA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $800.00 (the "Debt") to Payday One (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to KA for collection, or KA was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. KA Engages in Harassment and Abusive Tactics

12. Within the last year, KA began contacting Plaintiff in an attempt to collect the Debt by placing calls to Plaintiff's residential telephone.

13. During the initial conversation, Plaintiff attempted to explain to KA that she had previously satisfied the Debt with the Creditor in 2009.

14. In response, KA stated that it was calling to see if Plaintiff would like to pay the Debt before KA pursued legal action against her.

15. To date, however, no legal action has been taken.

16. Upon information and belief, KA threatened Plaintiff with legal action in order to affect immediate satisfaction of the Debt.

17. Furthermore, in its validation letter, KA falsely stated that the Debt belonged to a company other than Creditor.

18. KA misrepresented itself to Plaintiff, as if it was legally able to collect the Debt in Arizona, where Plaintiff currently resides.

19. To the present date, however, KA is not licensed in the state of Arizona to collect on debts.

20. KA was not, and is not, legally able to collect the Debt in Arizona.

### C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

# COUNT I

# VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

# 15 U.S.C. § 1692, et seq.

23. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

25. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

26. The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

27. The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

28. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

29. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

30. The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

31. The Defendants failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g(a).

32. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

33. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

    D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for the Plaintiff; and

    E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  April 12, 2013					LEMBERG & ASSOCIATES, LLC


								By: */s/   Trinette G. Kent*
								Trinette G. Kent

								Attorney for Plaintiff,
								Connie Traslavina